Nick **NITTI**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 7693.

United States Court of Appeals
Tenth Circuit.

Sept. 4, 1964.

W. H. Erickson, Denver, Colo., for appellant.

James A. Clark, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., with him on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from an Order of Contempt entered under Rule 42(a) of the Federal Rules of Criminal Procedure against appellant by the United States District Court for the District of Colorado after he refused to answer questions as a witness before a grand jury.

The record shows that when appellant refused to answer the questions, the trial judge had the grand jury reporter appear in the court room and read the unanswered questions. Appellant's counsel was then present, but the court room was

cleared of spectators. Appellant there stated to the judge that he had appeared before the grand jury in response to a subpoena calling on him to appear with certain records, and that he had the records but refused to answer other questions on the ground that the answers would tend to incriminate him. The counsel for the Government stated that the grand jury was investigating a conspiracy to extort money, and it appeared that two persons had made a trip from Chicago to Denver. He stated that the records of two travel agencies became relevant and the information indicated that appellant owned the agencies. Also he stated that the form of the business entity of the travel service was important in order to determine whether appellant's claim of privilege was proper. The judge after hearing argument from appellant's counsel stated before the privilege question could be answered, it was first necessary to know the nature of the business entity. The judge then determined which questions appellant should answer, and ordered him to answer them before the grand jury when he returned to the jury room. The grand jury the same day advised the trial judge that appellant refused to answer the questions he had been ordered to answer. The judge then had the questions read in the court room, asked appellant if he still refused to answer to which appellant replied that he did. The court asked appellant's counsel for facts bearing on the question. whether answer should be required. The court ordered him to return to the jury room and answer particular questions read to the court. Appellant returned but refused to answer. The proceedings which followed were held in open court. Appellant was then asked whether he had refused to answer the questions which were then read to him, and he stated that he had. Appellant's attorney at this point asked for a continuance to determine whether appellant would change his position, which was granted. Following the continuance of four days, the counsel for appellant announced that appellant

was ready to answer the questions. The court however certified that appellant was in contempt.

Appellant here urges that the trial court was in error in finding appellant guilty of contempt after granting a continuance to see if appellant would answer. The court, in granting the continuance, stated: "Rather than to proceed at this time to a determination of the contempt of the witness, if any, and under what provisions of the statute, I am rather inclined to think the proper procedure would be to continue this matter." The appellant argues that since no immediate punishment or ruling was made upon appellant's refusal to answer and a recess was granted, the court could not summarily punish for contempt. He further argues that appellant immediately upon reconvening received no notice that he had been found in contempt and such was necessary. Appellant cites no authority on these points.

We see no reason why the granting of a recess at the request of appellant before a ruling was made, or punishment given, in any way affects the power of the court to punish for contempt under Rule 42(a) of the Federal Rules of Criminal Procedure. The appellant stated that he refused to answer; this was the contempt, and this was in the presence of the court. The nature of this contempt was decided in Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609. The trial court here clearly had the power to punish summarily for such criminal contempt, as appellant recognizes. United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed. 2d 23; Brown v. United States, supra. The record shows that when the court in the case at bar reconvened after the recess of four days, the new counsel for appellant appeared and stated that the questions would be answered. The court, however, then announced that the question was whether appellant had been guilty of criminal contempt, and stated that, " * * * the Court and this Judge certifies that he saw and heard the con-

duct of Mr. Nitti in refusing to answer questions which the Court ordered him to answer and that conduct constituted a criminal contempt." The court, continuing, stated that appellant "now stands in contempt," and later that the next problem was whether the appellant would purge himself "of the contempt of Court which the Court has already found." Thus the finding of contempt was complete and was not altered by the fact that appellant's attorney may have first stated that the questions would be answered. The "summary" aspect of the punishment refers to the procedure required in meting out the punishment, not the speed in the decision on the act. Sacher v. United States, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717. As stated in the cited case: "Forthwith judgment is not required by the text of the Rule." In Hallinan v. United States, 182 F.2d 880 (9th Cir.), there was an overnight recess before contempt was adjudged, which was not held to remove the power of the court to act.

■■■ Thus appellant was in contempt of court by his previous refusal to answer. If he thereafter "purged" himself of contempt or ceased being further in contempt by counsel's announcement that answers would be given and by subsequent answer to the grand jury, punishment was nevertheless permitted. The common law rule that the person in contempt could purge himself by taking an oath denying a purpose to obstruct the court is no longer followed. Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993; In re Farkas, D.C., 204 F. 343; United States v. Brewster, D.C., 154 F.Supp. 126, reversed on other grounds 103 U.S.App.D.C. 147, 255 F.2d 899, cert. den. 358 U.S. 842, 79 S.Ct. 51, 3 L.Ed.2d 77; Jurney v. MacCracken, 294 U.S. 125, 55 S.Ct. 375, 79 L.Ed. 802. Appellant was sentenced after he had answered before the grand jury, and this again was proper procedure.

Contrary to appellant's objection here, he was given adequate opportunity to put on evidence if he wished. The court after announcing that appellant was in contempt said, " * * * but at any time during the proceedings, Mr. Erickson, you feel it appropriate to offer evidence this Court, of course, will hear it, * *." The court before the recess made a similar statement as hereinafter quoted.

■■ Appellant next urges that the trial court was in error in ordering him to answer the questions against the claim of privilege. The questions which appellant was ordered to answer related to the nature of the business entitled "Nitti Travel Agency" and "Plan-It Travel Agency," the records of which had been subpoenaed. Appellant was asked whether the agencies were corporations, partnerships, or other form of business, and whether appellant was the custodian of the records which he had in his possession but did not produce. Thus the questions were of a preliminary nature, innocent on their face, and as the trial court indicated, these matters had to be determined before the claim of privilege could be passed upon. Appellant's attorney was asked by the court for information and facts as to the claim against questions innocent on their face. Appellant's counsel argued the point of privilege and the court replied: "Of course, that's what we are here trying to determine, Mr. Erickson. Any time that a matter is before the Court in which you think it is proper to put on evidence or to be heard on the matter of the extent of Mr. Nitti's privileges, the Court will be glad to hear you." This statement was made before the four-day recess, thus appellant could have offered evidence or otherwise been heard on the question, had he chosen to do so. The trial court was not in error in ordering appellant to answer. This action was entirely compatible with Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118, and Singleton v. United States, 343 U.S. 944, 72 S. Ct. 1041, 96 L.Ed. 1349.

We find no error and the case is affirmed.